UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SALVADOR VAZQUEZ, and MARCELO URBANO, on behalf of themselves and all other similarly situated persons, known and unknown, <br><br>    Plaintiffs,<br><br>v.<br><br>MEXUS, INC., EMMANUEL MORALES, individually, and ROGACIANO MORALES a/k/a MARGARITO MORALES,<br><br>    Defendants. | |

## COMPLAINT AT LAW

Plaintiffs Salvador Vazquez and Marcelo Urbano (collectively, the "Named Plaintiffs"), on behalf of themselves and all other similarly situated persons, known and unknown (the "Plaintiff Class"), by and through their attorneys, Caffarelli & Associates Ltd., complain against Defendants MexUs, Inc. ("MexUs"), Emmanuel Morales, individually, and Rogaciano Morales a/k/a Margarito Morales, individually, as follows:

### NATURE OF ACTION

1. This is a class action under the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1, *et seq.*, ("IWPCA"), and a collective action arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for Defendants' failure to pay the Named Plaintiffs and the Plaintiff Class overtime wages and full wages at the agreed-upon rate, and for unlawful deductions from wages.

2. In addition, Salvador Vazquez brings an individual claim for retaliation under the IWPCA due to Defendants terminating him for complaining about unlawful deductions from his wages.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4. The unlawful employment practices described herein were committed within the State of Illinois, at MexUs' facilities located in Cook County. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Salvador Vazquez ("Vazquez") resides in this judicial district, and worked as a technician for Defendants during the applicable statute of limitations period.

6. Marcelo Urbano ("Urbano") resides in this judicial district, and worked as a technician for Defendants during the applicable statute of limitations period.

7. The Named Plaintiffs and the Plaintiff Class that they seek to represent are current and former employees who have worked as technicians for MexUs and were subjected to all or some of the following violations: (a) they were not paid overtime for hours worked in excess of forty (40) per week, as required by the IMWL and FLSA; (b) their rates for service and installation projects were arbitrarily changed, resulting in compensation at a rate lower than what was agreed upon, in violation of the IWPCA; and/or (c) their compensation was subject to unauthorized deductions, in violation of the IWPCA.

8. During the relevant statutory periods, each of the Named Plaintiffs were employed by Defendants as "employees" as defined by the IMWL, IWPCA, and FLSA.

9. During the course of their employment, the Named Plaintiffs handled goods that moved in interstate commerce and they were not exempt from the maximum hours provisions of the IMWL, 820 Ill. Comp. Stat. 105/4a, or the FLSA, 29 U.S.C. § 207.

10. MexUs is an Illinois corporation doing business within this judicial district, with an office in Chicago, Illinois.

11. MexUs is an "enterprise" as defined in 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

12. Emmanuel Morales is the owner and/or president of MexUs.

13. Emmanuel Morales has the authority to, and does, hire and fire employees; direct and supervise the work of employees; sign on MexUs checking accounts, including payroll accounts; and make or participate in decisions regarding employee compensation.

14. Upon information and belief, Rogaciano Morales changed his name and operates under the name Margarito Morales.

15. Rogaciano Morales a/k/a Margarito Morales (hereinafter referred to as "Margarito Morales") is the owner and/or president of MexUs.

16. Margarito Morales has the authority to, and does, hire and fire employees; direct and supervise the work of employees; sign on MexUs checking accounts, including payroll accounts; and make or participate in decisions regarding employee and/or contractor compensation.

**FACTUAL ALLEGATIONS**

17. MexUs is a company under contract with Comcast Corporation and Comcast Cable Communications Management, LLC (collectively "Comcast"), through subcontractors including Cavo Broadband Communications, LLC, to perform work including installing and repairing cable television, internet, and cable services for Comcast in the state of Illinois.

18. Vazquez was employed by Defendants as a cable technician from on or about June 2012 through on or about March 16, 2015.

19. Urbano began working for Defendants as a cable technician on or around June 2013. Urbano is still presently employed by Defendants.

20. The compensation for each of the Named Plaintiffs at MexUs consisted of a piece rate based on installation and repair jobs.

21. The Named Plaintiffs were not required to clock in or clock out, and Defendants did not track the amount of time that the Named Plaintiffs actually performed work each day.

22. The Named Plaintiffs were solely paid based upon the number of projects they completed. Their rate of pay did not fluctuate based upon the number of hours worked.

23. The Named Plaintiffs typically worked onsite of the individual Comcast customers to whom they provided cable and internet installation and repair. As such, the Named Plaintiffs were required to travel to various locations. Defendants did not compensate the Named Plaintiffs for travel time between customer sites.

24. In addition, the Named Plaintiffs were required to report to MexUs in the morning before traveling to Comcast customer sites in order to pick up the necessary tools and equipment. Defendants did not compensate the Named Plaintiffs for travel time from MexUs to Comcast customer sites.

25. Defendants failed to maintain accurate records of the number of hours worked each day and week by the Named Plaintiffs.

26. Rather, the Named Plaintiffs were required to log in to an internet-based tracking system entitled "CSG TechNet" which recorded the customers to whom Named Plaintiffs provided service and the projects they completed.

27. Each of the Named Plaintiffs worked approximately 72 hours per week. Each of the Named Plaintiffs typically began work between 6:00AM and 7:00AM, and completed work between 6:00PM and 7:00PM, six days per week.

28. Each of the Named Plaintiffs routinely worked in excess of forty (40) hours per week, without additional compensation for those overtime hours.

29. Defendants assigned the Named Plaintiffs a schedule of work, which the Named Plaintiffs had no authority or ability to alter.

30. Defendants issued Vazquez form IRS 1099-MISC ("1099") for FY2014 rather than the appropriate W2. The 1099 falsely reflected that Defendants paid Vazquez $35,619.05. However, Defendants only actually paid Vazquez $29,000.

31. Defendants tracked the Named Plaintiffs' pay through itemized sheets reflecting the projects completed per week. Each pay sheet also reflected Defendants' deductions taken for the 'greater codified value' for an earlier date range. These deductions ranged from several dollars to several hundred dollars.

32. The Named Plaintiffs did not consent to any such deductions to be taken from their pay.

33. Those of the Plaintiff Class that worked for MexUs and/or Emmanuel Morales and/or Margarito Morales were compensated in the same manner as the Named Plaintiffs, as

described above, and as such also was not provided with additional pay during weeks in which they worked in excess of forty (40) hours, received less than the agreed-upon rate for work performed, and had deductions taken from wages without authorization.

34. Defendants knew or should have known about their obligations to compensate their technicians at the overtime rate for hours worked in excess of forty (40) per week, at the agreed upon rate, and without unauthorized deductions.

**Retaliation against Salvador Vazquez**

35. On or about March 2, 2015, Vazquez complained about the deductions taken from his pay. He demanded he be paid the approximately $800 for work performed on or about July 23 through 25, 2014, for which Defendant never compensated him.

36. Vazquez complained to and requested his full pay from his supervisor.

37. Defendants informed Vazquez that they would not pay him.

38. Beginning on or about March 6, 2015, Defendants stopped assigning or scheduling Vazquez any projects or work.

39. On or about March 16, 2015, Vazquez's supervisor, Carlos Oshima, terminated him.

40. Defendants terminated Vazquez for complaining about unlawful deductions and requesting payment of his full wages.

## CLASS ALLEGATIONS

41. The Named Plaintiffs bring this action on behalf of themselves and all putative members of the Plaintiff Class (which includes putative Classes A-B as defined herein).

42. With respect to unpaid overtime wages and unlawful deductions, the Named Plaintiffs represent, and are members of, the putative class defined as follows:

> "All persons within the state of Illinois who (1) were employed as technicians and/or cable installers for MexUs, Inc. and/or Emmanuel Morales and/or Rogaciano Morales a/k/a Margarito Morales, (2) within the applicable statute of limitations prior to the filing of the original Complaint in this action, (3) who were paid on a piece rate basis for installation and repair jobs performed, (4) who at any time worked in excess of forty (40) hours per week, (5) who were not compensated at an additional overtime rate for hours over forty (40) per week."

43. With respect to unauthorized deductions, the Named Plaintiffs represent, and are members of, the putative Class B defined as follows:

> "All persons within the state of Illinois who (1) were employed as technicians and/or cable installers for MexUs, Inc. and/or Emmanuel Morales and/or Rogaciano Morales a/k/a Margarito Morales, (2) within the applicable statute of limitations prior to the filing of the original Complaint in this action, (3) who were paid on a piece rate basis for installation and repair jobs performed, (4) who had amounts deducted from their compensation; (5) without having provided prior written authorization for MexUs, Inc. and/or Emmanuel Morales and/or Rogaciano Morales a/k/a Margarito Morales to deduct those amounts."

44. The Named Plaintiffs do not know with certainty the number of members in the Plaintiff Class at this time, but reasonably estimate that the putative Classes A-B includes over 100 individuals, drawn from over the statutory period. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of this matter.

45. This action is brought as a class action under Fed. R. Civ. P. 23 because the Plaintiff Class is so numerous that joinder of all class members is impracticable.

46. The Named Plaintiffs and members of the Plaintiff Class were harmed by acts of Defendants in at least the following ways: Defendants failed to compensate putative Classes A-B any overtime wages when they worked over forty (40) in one week and deducted wages without prior written authorization.

47. The Plaintiff Class members may be reluctant to raise individual claims for fear of retaliation, or for fear that bringing an individual claim against a former employer may hinder their ability to find new employment.

48. This class action suit seeks only damages and any other relief permitted under the IMWL and IWPCA. The Named Plaintiffs reserve the right to expand, combine, or subdivide the Class definitions as warranted, as facts are learned in further investigation and discovery.

49. The issues involved in this lawsuit present common questions of law and fact, which predominate over any variations that may exist between members of the class.

50. The Named Plaintiffs, the Plaintiff Class, and Defendants have a commonality of interest in the subject matter and remedy sought.

51. The Named Plaintiffs are able to fairly and adequately represent and protect the interests of the Plaintiff Class. The Named Plaintiffs have no interests antagonistic to those of the Plaintiff Class, and Defendants have no defenses unique to the Named Plaintiffs.

52. The Named Plaintiffs' Counsel is competent and experienced in class and complex litigation.

53. If individual actions were required to be brought by each member of the class affected, the result would be a multiplicity of actions, creating a hardship to the Plaintiff Class, to the Court and to Defendants. Accordingly, a class action is not only appropriate, but the superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with the law. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

54. Defendants have acted on grounds generally applicable to the Plaintiff Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Plaintiff Class as a whole.

## COUNT I
## FAIR LABOR STANDARDS ACT
### (Collective Action against All Defendants)

55. Plaintiffs incorporate paragraphs 1 through 54 as though fully set forth herein.

56. This Count arises from Defendants' violations of the FLSA, 29 U.S.C. § 201, *et seq.*, for their failure to pay the Named Plaintiffs and all members of the Plaintiff Class overtime wages for all hours worked in excess of forty (40) per workweek.

57. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by Defendants' failure to comply with 29 U.S.C. §§ 206 – 207. The Named Plaintiffs attach as Exhibits A-B their Notices of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

58. All past and present employees of Defendants who performed non-exempt work as technicians and who were not paid overtime wages for all hours worked in excess of forty (40) per workweek are similarly situated to the Named Plaintiffs, in that Defendants applied their compensation policies, which violate the FLSA, on company-wide bases for at least all members of the Plaintiff Class.

59. Defendants' failure to pay overtime wages for all hours worked over forty (40) per workweek, is a willful violation of the FLSA, since Defendants' conduct shows that they either knew that their conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

60. The Named Plaintiffs' experiences are typical of the experiences of the putative members of the Plaintiff Class, as set forth above.

61. For all members of the Plaintiff Class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send

notice to the entire Plaintiff Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

62. The members of the Plaintiff Class who are still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

WHEREFORE, Plaintiffs Salvador Vazquez and Marcelo Urbano, on behalf of themselves and all other similarly situated individuals, known and unknown, respectfully request that this Court enter an order as follows:

    a) Awarding judgment for back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

    b) Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

    c) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

    d) Awarding reasonable attorneys' fees and costs incurred in filing this action;

    e) Entering an injunction precluding Defendants from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

    f) Awarding such additional relief as the Court may deem just and proper.

## COUNT II
## ILLINOIS MINIMUM WAGE LAW
### (Class Action against All Defendants)

63. Plaintiffs incorporate the paragraphs 1 through 54 as though fully set forth herein.

64. This Count arises from Defendants' violation of the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*, for their failure to pay the Named Plaintiffs and members of the Plaintiff Class overtime wages for all hours worked in excess of forty (40) per workweek.

65. Pursuant to the IMWL, for all weeks during which the Named Plaintiffs and the members of the Plaintiff Class worked in excess of forty (40) hours, they were entitled to be compensated with overtime wages.

66. Defendants violated the IMWL by failing to compensate the Named Plaintiffs and the Plaintiff Class with overtime wages all hours worked in excess of forty (40) per workweek.

WHEREFORE, Plaintiffs Salvador Vazquez and Marcelo Urbano, on behalf of themselves and all other similarly situated persons, known and unknown, respectfully request that this Court enter an order as follows:

a) Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3);

b) Appointing Named Plaintiffs as Class Representatives and their Counsel as Class Counsel;

c) Awarding judgment in an amount equal to all unpaid back pay owed to Named Plaintiffs and all others similarly situated pursuant to the IMWL;

d) Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

e) Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

f) Awarding reasonable attorneys' fees and costs incurred in filing this action;

g) Entering an injunction precluding Defendant from violating the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.*; and

h) Ordering such other and further relief as this Court deems appropriate and just.

## COUNT III
## ILLINOIS WAGE PAYMENT AND COLLECTION ACT
### (Class Action against All Defendants)

67. Plaintiffs incorporate paragraphs 1 through 54 as though fully set forth herein.

68. Defendants were obligated to pay the Named Plaintiffs and members of the Plaintiff Class at the agreed-upon rate(s) for all work that the Named Plaintiffs and members of the Plaintiff Class performed.

69. Defendants had a policy or practice of deducting amounts from their technicians' wages and compensation for reasons that appear arbitrary.

70. Prior to making wage deductions as set forth above, Defendants did not obtain written consent from their technicians, including the Named Plaintiffs and members of the Plaintiff Class.

71. As a result of this deduction policy, the Named Plaintiffs and members of the Plaintiff Class were not provided with full compensation during pay periods in which they suffered deductions.

72. Defendants violated the IWPCA by taking unauthorized deductions from the wages and compensation of the Named Plaintiffs and members of the Plaintiff Class.

WHEREFORE, Plaintiffs Salvador Vazquez and Marcelo Urbano, on behalf of themselves and all other similarly situated persons, known and unknown, respectfully request that this Court enter an order as follows:

a) Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23;

b) Appointing Named Plaintiffs as Class Representatives and their Counsel as Class Counsel;

c) Awarding judgment in an amount equal to all unpaid back pay owed to named Plaintiffs and all others similarly situated pursuant to the IWPCA;

d) Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

e) Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 115/14(a);

    f)    Awarding reasonable attorneys' fees and costs pursuant to 820 Ill. Comp. Stat. 115/14(a);

    g)    Entering an injunction precluding Defendant from violating the IWPCA; and

    h)    Ordering such other and further relief as this Court deems appropriate and just.

## COUNT IV
## ILLINOIS WAGE PAYMENT AND COLLECTION ACT - RETALIATION
### (Individual Action Salvador Vazquez against Defendants)

73.    Salvador Vazquez incorporates paragraphs 1 through 54 as though fully set forth herein.

74.    This Count arises from Defendants' violation of 820 Ill. Comp. Stat. § 115/14(c); which states that it is unlawful for any employer to discharge or in any other manner discriminate against any employee because the employee has made a complaint to his employer that he was not paid in accordance with the provisions of IWPCA.

75.    Defendants refused to allow Vazquez to work in retaliation for complaining about unlawful deductions taken from his wages, in violation of the IWPCA.

76.    Defendants terminated Vazquez in retaliation for complaining about unlawful deductions taken from his wages, in violation of the IWPCA.

77.    As a result of Defendants' retaliation, Vazquez suffered damages, including lost compensation.

WHEREFORE, Plaintiff Salvador Vazquez respectfully requests that this Court enter an order as follows:

    a)    Awarding judgment in an amount equal to all unpaid wages owed to Salvador Vazquez as a result of Defendants' unlawful retaliatory conduct;

    b)    Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

    c)      Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 115/14(a);

    d)      Awarding reasonable attorneys' fees and costs pursuant to 820 Ill. Comp. Stat. 115/14(c);

    e)      Entering an injunction precluding Defendant from violating the IWPCA; and

    f)      Ordering such other and further legal and equitable relief as this Court deems appropriate and just;

Dated: April 7, 2015

Alejandro Caffarelli, #06239078
Alexis D. Martin, #06309619
Caffarelli & Associates Ltd.
224 S. Michigan Ave., Ste. 300
Chicago, Illinois 60604
Tel. (312) 763-6880

Respectfully submitted,
SALVADOR VAZQUEZ, and MARCELO URBANO, on behalf of themselves and all other similarly situated persons, known and unknown,

By: /s/ Alejandro Caffarelli
      Attorney for Plaintiffs